ARMAND AVAZIAN, ESQ. (SBN 213845)
AVAZIAN & AVAZIAN
707 Wilshire Blvd., Suite 3800
Los Angeles, CA 90017
TEL: (213) 624-1793
FAX: (213) 891-2890
EMAIL: armandavazian@avazianlaw.com
Attorney for Plaintiffs: Khazhak Martirosyan and
Arusyak Khachatryan

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KHAZHAK MARTIROSYAN & ARUSYAK KHACHATRYAN,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **DAVID L. NEAL, DIRECTOR, U.S. DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF THE IMMIGRATION JUDGE, U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"), IMMIGRATION AND CUSTOMS ENFORCEMENT "("ICE"), MANAGEMENT AND TRAINING CORPORATION ("MTC"), CHRISTOPHER J. LaROSE, SENIOR WARDEN OTAY MESA** <br><br> **Defendants.** | **Case No. '25CV30    BTM DEB** <br><br> **COMPLAINT FOR:** <br><br> **1. DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 *et seq.*** <br><br> **2. VIOLATION OF DUE PROCESS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION** <br><br> **3. VIOLATION OF RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION** <br><br> **4. THE ADMINISTRATIVE PROCEDURE ACT ("APA") 5 U.S.C. 701, et Seq.** |

COMPLAINT

-1-

# INTRODUCTION

## STATEMENT OF CASE AND PARTIES

1.    Plaintiffs KHAZHAK MARTIROSYAN & ARUSYAK KHACHATRYAN ("Plaintiffs") presented themselves at the Port of San Ysidro, CA on September 18, 2024, and requested to apply for asylum from Armenia. Both plaintiffs were taken into custody and are presently at the Imperial Regional Detention Facility, 1572 Gateway Rd, Calexico, CA.

2.    In accordance with existing immigration law concerning asylum applicants, prior to the filing of an asylum application, the asylee must establish "Credible Fear" of persecution with an Asylum Officer from DHS ("AO").  8 USC 1225(b)(1)(B)(v) (ALSO KNOWN AS 235(b)(1)(B) of the INA) defines "Credible fear of persecution" as follows: For purposes of this subparagraph, the term "credible fear of persecution" means that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under section 1158 of this title.

3.    The credible fear interview for Plaintiff KHACHATRYAN took place with an AO telephonically on September 24, 2024, in the Otay Mesa Detention Center.  A contract interpreter was also present telephonically. Plaintiff's responses to the AO's questions during the credible fear interview are documented in the I-870 SBIFR Record of Determination/SBIFR Fear Worksheet which is attached as **Exhibit A**.  Prior to June 25, 2024, the rules for establishing credible fear only included credible statements by the asylee of possible persecution.  The standard was very low, and unless the asylee was found not credible or came from a country where objectively there is no persecution, credible fear was always established.  On June 3, 2024, the President signed a Proclamation under sections 212(f) and 215(a)

of the Immigration and Nationality Act ("INA"), finding that the entry into the United States of certain noncitizens during emergency border circumstances would be detrimental to the interests of the United States, and suspending and limiting the entry of those noncitizens. The Proclamation directed DHS and DOJ to promptly consider issuing regulations addressing the circumstances at the southern border, including any warranted limitations and conditions on asylum eligibility. On June 5, 2024, DHS issued Secure the Border Interim Final regulations ("SBIFR"). On the date the asylees were interviewed by the Asylum Officer, the SBIFR had not been processed through the regular APA procedures which first require a public comment period before a change in regulations. 5 USC §551 et seq.

4.    Furthermore, although the Supreme Court unanimously held in *Perez v. Mortgage Bankers Ass'n*, No. 13-1041, 574 U.S. ___ (Mar. 9, 2015). "[I]nterpretive rules do not have the force and effect of law," and so they can be revised in informal agency pronouncements rather than through the cumbersome notice-and-comment process, this does not apply to substantive changes in regulations affecting eligibility, which must comport to 5 USC §551 et seq.

5.    The new regulations contained in SBIFR state in pertinent part, Notwithstanding any contrary section of this part, including §§ 208.2, 208.13, 208.30, and 208.33—

(a) *Limitation on eligibility.* (1) *Applicability.* An alien who is described in § 208.13(g) and who is not described in section 3(b) of the Presidential Proclamation of June 3, 2024, Securing the Border, is ineligible for asylum.

(2) *Exceptions.* (i) This limitation on eligibility does not apply if the alien demonstrates by a preponderance of the evidence that exceptionally compelling circumstances exist, including if the alien, or the alien's family member as described in § 208.30(c) with whom the alien is traveling, demonstrates by a preponderance of the evidence that, at the time of entry,

the alien or a member of the alien's family as described in § 208.30(c) with whom the alien is traveling:

(A) Faced an acute medical emergency;

(B) Faced an imminent and extreme threat to life or safety, such as an imminent threat of rape, kidnapping, torture, or murder; or

(C) Satisfied the definition of "victim of a severe form of trafficking in persons" provided in § 214.11 of this chapter.
(ii) An alien who demonstrates by a preponderance of the evidence any of the circumstances in paragraph (a)(2)(i) of this section shall necessarily establish exceptionally compelling circumstances.

6.      During the Plaintiff Khachatryan's interview, Plaintiff discussed her medical issues in great detail, including cardio-vascular problems, diabetes, thyroid issues, liver disfunction, and gastro-intestinal problems.  (**Exhibit A** – page 3 of 6) Plaintiff Khachatryan is 63 with a document history of medical issues. Additionally, Plaintiff Khachatryan stated that she had retained counsel.  (**Exhibit B** – Interview Notes – page 2 of 15)  Notwithstanding a sworn statement of being represented by counsel, the AO did not tell the Plaintiff she had the right to have counsel present for the interview, and did not suspend the credible fear interview so that counsel could be present as authorized under 8 C.F.R. §103.2. The AO also did not ask if she wished to continue the interview without her attorney present. Nevertheless, she proceeded with the interview and provided detailed information about her fear of persecution to return to Armenia because of her and her families opinion as whistleblowers on account of being vocal about the death of their cousin, Vahram Avagian.  Her cousin was serving in the Armenian military and was shot and killed with gunshots to the chest.  The Armenian government ruled it a suicide but the location of the gunshot wounds contradicts such a finding. Additionally, the family asserts he was not the type to ever do such a thing.  In

actuality, he was shot by other members of the military. He was serving with the son of an Armenian official who is believed to be one of the shooters.

7. When Plaintiff, her husband and the family spoke up and demanded the government investigate, they were met with harassment and death threats. There were public protests and news articles documents the government coverup of the murder of their cousin by the son of an Armenian official. The media was reporting on this daily. Plaintiff, her husband, Plaintiff Martirosyan and their children were actively involved in the protest. The family wanted answers and justice for their cousin but the government was retaliating by sending people to harass and threaten them, including stopping them in the middle of the road. The family continued to file police reports and demand investigation into the death of their cousin, but the police would threaten them and do nothing. Thereafter, Plaintiff Martirosyan and his sons received a police summons for their arrest. In one instance, the police went to his son's home and attempted to detain him. Son's seven year old daughter went to her father's aid and the police officer swung his arm at her causing her to sustain a black eye and broken arm. Attached as **Exhibit F** is a picture of her injuries. Ultimately, Plaintiffs sons and grandchildren fled Armenia to go to the U.S. and Plaintiffs followed. The AO did not allow testimony about Plaintiffs children's asylum claim despite arising out of the same circumstances. Despite the above, on September 24, 2024, a negative finding of credible fear was made for Plaintiff KHACHATRYAN and notice was served on the Plaintiffs on October 1, 2024.

8. On September 25, 2024, Plaintiff Martirosyan had his credible fear interview. Plaintiff's responses to the AO's questions during the credible fear interview are documented in the I-870 SBIFR Record of Determination/SBIFR Fear Worksheet which is attached as **Exhibit C**. During Plaintiff Martirosyan's interview, Plaintiff discussed his medical issues in great detail, including his

ongoing battle with high blood pressure and the fact he suffered a stroke a few years prior.  (**Exhibit – D** – Interview Notes – page 4 of 19) He also testified about his wife's health issues and how that has effected the both of them.  Nevertheless, a negative finding of credible fear was made for Plaintiff MARTIROSYAN and notice was served October 18, 2024.  Both decisions did not find that the Plaintiffs had met the new requirements under SBIFR. Pursuant to the credible fear regulations as contained in 8 C.F.R. §208.30(g), Plaintiffs' were served with form I-863, referral to an Immigration Judge ("IJ"), and had a video interview with the IJ on October 25, 2024.  (**Exhibit E** – I-863 Notice of Referral to Immigration Judge for each Plaintiff)  Although Plaintiffs were represented by counsel, Christine Galustian, before the IJ, counsel failed to present all relevant documents in support of Plaintiffs' claims, failed to argue that Plaintiffs had met the exceptions under the SBIFR, to wit, the medical exception, and failed to properly represent them.  Counsel misrepresented her knowledge of immigration law and experience to Plaintiffs.  In fact, although it does not appear counsel has a website, counsel's social media and other attorney sites show she is primarily a criminal defense attorney.  Thus, counsel's representation was ineffective.  The IJ upheld the negative finding on credible fear and rubber stamped the AO's decisions despite the existing evidence in support of the credible fear but also because counsel did not prepare Plaintiffs, file more relevant documents and argue the relevant facts before the IJ.  8 C.F.R. §1208.30 (g)(2) states that "If the immigration judge concurs with the determination of the asylum officer that the alien does not have a  credible fear of persecution or torture, the case shall be returned to DHS for removal of the alien. The immigration judge's decision is final and may not be appealed. USCIS may nevertheless reconsider a negative credible fear finding as provided at 8 CFR §208.30(g)(1)(i).  Reconsideration is not a

requirement when exhausting administrative remedies. In the instant matter, the decision by the IJ constitutes a final administrative decision.

9. Plaintiffs' retained new counsel, Judy Wood, after the IJ hearing and filed a motion to reconsider the AO finding pursuant to 8 CFR §208.30(g)(1)(i). (**EXHIBIT G**) This motion was timely filed within the seven-day period and is presently awaiting a decision by the Asylum Office. This motion is full of detail, documenting Plaintiffs medical condition as well as the asylum claim with many articles about the killing of their cousin and the possibility that he was murdered by the son of an Armenian official. Plaintiffs' first lawyer, Christine Gulastian failed to submit these documents and prepare her clients. Because a motion to reconsider is not an appeal, there is no stay of removal. Plaintiffs were brought to the airport and put on a plane for removal. Plaintiff KHACHATRYAN was suffering from severe medical conditions and was removed from the aircraft with her husband and returned to Otay Mesa and later transferred to the Imperial Regional Detention Facility in Calexico, CA. To date, no decision has been made on the motion to reconsider, and the Plaintiffs are subject to expedited removal and are still in the custody of DHS.

10. Defendant DAVID L. NEAL is Director of the Executive Office for Immigration Review ("EOIR"), the federal agency responsible for adjudicating immigration cases by fairly, expeditiously, and uniformly interpreting and administering the United States' immigration laws. Under delegated authority from the Attorney General of the United States, EOIR conducts immigration court proceedings, appellate reviews, and administrative hearings.

11. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is the federal agency ultimately responsible for carrying out immigration laws.

12.    Defendant IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE") is the sub-agency under DHS responsible for carrying out removal procedures.

13.    MANAGEMENT AND TRAINING CORPORATION ("MTC") is an independent company contracted by ICE to run and service ICE detention facilities, such as Imperial Regional Detention Facility, 1572 Gateway Rd, Calexico, CA.   MTC has its own guards at the facilities, houses the inmates, feeds them, is responsible for medical needs, and acts on the orders of ICE.

14.    CHRISTOPHER J. LaROSE is the Senior Warden in charge of the detention facility at Imperial Regional Detention Facility, 1572 Gateway Rd, Calexico, CA. and is directly responsible for detaining the inmates.

## JURISDICTION AND VENUE

15. This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201, *et seq.*, and 28 U.S.C. § 1331.  This action is timely under 28 U.S.C. § 2401.

16. Venue is proper under 28 U.S.C. §1391(a) in that Plaintiffs are being held in custody in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff has fully, properly, and timely exhausted all applicable remedies available to him under federal immigration law as required by 5 U.S.C. § 701.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 *et seq.*

18.    Plaintiffs re-allege each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

19.   Plaintiffs' due process rights under the Fifth Amendment of the U.S. Constitution were violated by the ineffective assistance of counsel in connection with the hearing before the IJ on account of said counsel's failure to properly represent Plaintiffs, submit all relevant documents, fail to discuss their sons asylum claim with the IJ and failure to raise the defense of right to counsel before the AO.

20.   The AO's failure to allow counsel at the credible fear interview constituted a violation of Plaintiff's right to counsel under the Fifth (due process) and Sixth Amendment of the U.S. Constitution.

21.   Plaintiff requests this Honorable Court to find that the decision of the IJ was contrary to law and declare that Plaintiffs have demonstrated a credible fear.

## SECOND CAUSE OF ACTION

## VIOLATION OF DUE PROCESS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION

22.   Plaintiffs re-allege each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

23.   Plaintiff's due process rights under the Fifth Amendment to the U.S. Constitution were violated by the ineffective assistance of counsel before the IJ hearing on credible fear.  Counsel's lack of proper performance of her duties to Plaintiffs prejudiced Plaintiffs' defense and deprived them of their right to a fair hearing.  Had it not been for counsel's deficient performance, the result of the credible fear hearing before the IJ would have been different.

24.   The AO did not tell Plaintiff MARTIROSYAN of his right to counsel as required, before beginning the credible fear interview, thus violating his right to due process under the Fifth Amendment.  The AO did not ask or allow Plaintiff KHACHATRYAN to have counsel present at her credible fear interview, even after she told the AO she was represented by counsel, thus violating her right to counsel under the fifth amendment.

## THIRD CAUSE OF ACTION

## VIOLATION OF RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION

25.    Plaintiffs re-allege each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

26.   The AO did not tell Plaintiff MARTIROSYAN of his right to counsel as required, before beginning the credible fear interview, thus violating his right to counsel under the Sixth Amendment.  The AO did not allow Plaintiff KHACHATRYAN to have counsel present at her credible fear interview, even after she told the AO she was represented by counsel, thus violating her right to counsel under the sixth amendment.

## FOUTH CAUSE OF ACTION

## VIOLATION OF THE APA

27.    Plaintiffs re-allege each and every one of the foregoing paragraphs and incorporates the same as though fully set forth at this point.

28.    The publication of the SBIFR violates the APA rule requiring a comment period.  Furthermore, although the Presidential Decree required the agencies to promptly consider issuing regulations addressing the circumstances at the southern border, including any warranted limitations and conditions on asylum eligibility, it did not mandate denying all asylum claims and it did not mandate reducing rights to making a claim of credible fear.  The Defendants promulgated interim regulations which were not authorized by the Presidential Decree and do not comport to its intention.  Thus the SBIFR violates the APA.

29.    The IJ's refusal to find credible fear by the Plaintiffs, violates the law

on credible fear with regard to the standard applicable under 8 USC 1225(b)(1)(B)(v) (ALSO KNOWN AS 235(b)(1)(B) of the INA) which defines "Credible fear of persecution" as follows: For purposes of this subparagraph, the term "credible fear of persecution" means that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under section 1158 of this title. The IJ did not follow this law. Furthermore, the IJ did not properly consider the exceptions under the SBIFR with regard to Plaintiffs' medical condition. The evidence was substantial that Plaintiffs had medical conditions in accordance with the exception of the SBIFR.

30.    Thus, Defendants have violated the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff in this action and against the Defendants as follows:

a)    To enter judgement that Defendants violated the Fifth and Sixth Amendment rights of Plaintiffs.

b)    To enter judgment that Defendants have violated the APA.

c)    To enter judgement in the favor of Plaintiffs against the Defendants, finding that they have established credible fear.

d)    To enter judgement in favor of Plaintiffs against the Defendants and order the Defendants to pay Plaintiffs for all attorney fees and costs incurred herein.

e)    For all such other and further relief as the Court deems proper as law and justice may require and may be appropriate.

Dated:  January 6, 2025                  Respectfully Submitted,

                                         AVAZIAN AND AVAZIAN

                                    By: _____
                                         ARMAND AVAZIAN
                                         Attorney for Plaintiffs

---

**COMPLAINT**

-12-