ARMAND AVAZIAN, ESQ. (SBN 213845)
AVAZIAN & AVAZIAN
707 WILSHIRE BLVD., SUITE 3800
LOS ANGELES, CA 90017
TEL:  (213) 624-1793
FAX: (213-891-2890
EMAIL: armandavazian@avazianlaw.com
Attorney for Plaintiffs: KHAZAK MARTIROSYAN;
                          ARUSYAK KHACHATRYAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAZAK MARTIROSYAN,<br><br>ARUSYAK KHACHATRYAN<br><br><br>Plaintiff,<br><br>v.<br><br>DAVID L. NEAL, DIRECTOR, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"), IMMIGRATION AND CUSTOMS ENFORCEMENT "("ICE"), MANAGEMENT AND TRAINING CORPORATION ("MTC"), CHRISTOPHER J. LaROSE, SENIOR WARDEN OTAY MESA<br><br><br>Defendants. | Case No.  3:25-cv-00030-BTM-DEB<br><br>**PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION TO HEAR MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**HEARING DATE:  01/23/2025**<br>**TIME:  1:30**<br>**JUDGE: HON. BARRY MOSKOWITZ** |

-1-

Plaintiffs KHAZAK MARTIROSYAN AND ARUSYAK KHACHATRYAN ("Plaintiffs"), who have been detained and are presently in Immigration and Customs Enforcement ("ICE") custody in Calexico, California, hereby submit this *ex parte* application. Plaintiffs are in imminent danger of being removed from the United States as they have a removal order entered against them by the Immigration Judge. Plaintiffs constitutional rights underlying the Asylum Officers ("AO") and Immigration Judge's ("IJ") decision upon which the removal proceeding is based was unconstitutional under the Fifth and Sixth Amendments of the U.S. Constitution as well as in violation of the Administrative Procedure Act ("APA").

Plaintiffs respectfully request an immediate hearing of Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and setting of a hearing re: Preliminary Injunction to enjoin Defendant DAVID L. NEAL, Director, Executive Office for Immigration Review and Defendant U.S. Department of Homeland Security, Immigration and Customs Enforcement, Management and Training Corporation, Christopher J. LaRose, Senior Warden Otay Mesa from proceeding with the removal of Plaintiffs without an opportunity to have a new credible fear interview with competent counsel.

An immediate hearing is necessary to allow the Court to adjudicate the merits of Plaintiffs' claims of their unconstitutional interview with the Asylum Office and hearing in front of the Immigration Judge and in violation of the APA which resulted in a decision for their removal.

Plaintiff provided notice of this application to the U.S. Attorney's Office for the Southern District of California and served the TRO on January 21, 2025. Plaintiff also provided notice of this application to David Neal, Director, U.S. Department Justice; EOIR, U.S. Department of Homeland Security; Immigration

and Customs Enforcement; Management and Training Corporation, Christopher J. Larose, Senior Warden (*See* concurrently filed Declaration of Armand Avazian at ¶¶ 2-4)

Dated: January 17, 2024       Respectfully Submitted,

LAW OFFICES OF AVAZIAN & AVAZIAN

By: _____
         Armand Avazian
         Attorney for Plaintiff

ARMAND AVAZIAN, ESQ. (SBN 213845)
AVAZIAN & AVAZIAN
707 WILSHIRE BLVD., SUITE 3800
LOS ANGELES, CA 90017
TEL:  (213) 624-1793
FAX: (213-891-2890
EMAIL: armandavazian@avazianlaw.com
Attorney for Plaintiffs: KHAZAK MARTIROSYAN;
                    ARUSYAK KHACHATRYAN

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAZAK MARTIROSYAN,<br><br>ARUSYAK KHACHATRYAN<br><br><br>Plaintiff,<br><br>v.<br><br>DAVID L. NEAL, DIRECTOR, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"), IMMIGRATION AND CUSTOMS ENFORCEMENT "("ICE"), MANAGEMENT AND TRAINING CORPORATION ("MTC"), CHRISTOPHER J. LaROSE, SENIOR WARDEN OTAY MESA<br><br>Defendants. | Case No.  3:25-cv-00030-BTM-DEB<br><br><br>PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

-4-

## I.    <u>INTRODUCTION</u>

Comes now plaintiffs KHAZAK MARTIROSYAN AND ARUSYAK KHACHATRYAN ("Plaintiffs") by and through his undersigned counsel, and respectfully requests this Court to grant a temporary restraining order enjoining Defendant DAVID L. NEAL, Director, Executive Office for Immigration Review and Defendants U.S. Department of Homeland Security, Immigration and Customs Enforcement, Management and Training Corporation, Christopher J. LaRose, Senior Warden Otay Mesa from proceeding with the removal of Plaintiffs without an opportunity to have a new credible fear interview with competent counsel.

Plaintiffs are in imminent danger of irreparable harm of being removed from the United States because of a final order of removal which was based on an unconstitutional interview with the Asylum Office and unconstitutional hearing in front of the Immigration Judge which resulted in a decision for their removal. Plaintiffs request a new credible fear hearing to adjudicate the merits of Plaintiffs' claims with competent counsel.

## A.    STATEMENT OF FACTS

### 1.    BACKGROUND

Plaintiffs KHAZHAK MARTIROSYAN & ARUSYAK KHACHATRYAN ("Plaintiffs") presented themselves at the Port of San Ysidro, CA on September 18, 2024, and requested to apply for asylum from Armenia. Both plaintiffs were taken into custody and are presently at the Imperial Regional Detention Facility, 1572 Gateway Rd, Calexico, CA. (Complaint at ¶ 1)

In accordance with existing immigration law concerning asylum applicants, prior to the filing of an asylum application, the asylee must establish "Credible Fear" of persecution with an Asylum Officer from DHS ("AO"). 8 USC

1225(b)(1)(B)(v) (ALSO KNOWN AS 235(b)(1)(B) of the INA) defines "Credible fear of persecution" as follows: For purposes of this subparagraph, the term "credible fear of persecution" means that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under section 1158 of this title.

The credible fear interview for Plaintiff KHACHATRYAN took place with an AO telephonically on September 24, 2024, in the Otay Mesa Detention Center. A contract interpreter was also present telephonically. (Complaint at ¶ 3) Plaintiff's responses to the AO's questions during the credible fear interview are documented in the I-870 SBIFR Record of Determination/SBIFR Fear Worksheet which is attached as **Exhibit A**. (Complaint at ¶ 3) Prior to June 25, 2024, the rules for establishing credible fear only included credible statements by the asylee of possible persecution. The standard was very low, and unless the asylee was found not credible or came from a country where objectively there is no persecution, credible fear was always established. On June 3, 2024, the President signed a Proclamation under sections 212(f) and 215(a) of the Immigration and Nationality Act ("INA"), finding that the entry into the United States of certain noncitizens during emergency border circumstances would be detrimental to the interests of the United States, and suspending and limiting the entry of those noncitizens. The Proclamation directed DHS and DOJ to promptly consider issuing regulations addressing the circumstances at the southern border, including any warranted limitations and conditions on asylum eligibility. On June 5, 2024, DHS issued Secure the Border Interim Final regulations ("SBIFR"). On the date the asylees were interviewed by the Asylum Officer, the SBIFR had not been

processed through the regular APA procedures which first require a public comment period before a change in regulations. 5 USC §551 et seq.

Furthermore, although the Supreme Court unanimously held in *Perez v. Mortgage Bankers Ass'n*, No. 13-1041, 574 U.S. ___ (Mar. 9, 2015). "[I]nterpretive rules do not have the force and effect of law," and so they can be revised in informal agency pronouncements rather than through the cumbersome notice-and-comment process, this does not apply to substantive changes in regulations affecting eligibility, which must comport to 5 USC §551 et seq.

The new regulations contained in SBIFR state in pertinent part, Notwithstanding any contrary section of this part, including §§ 208.2, 208.13, 208.30, and 208.33—

(a) *Limitation on eligibility.* (1) *Applicability.* An alien who is described in § 208.13(g) and who is not described in section 3(b) of the Presidential Proclamation of June 3, 2024, Securing the Border, is ineligible for asylum. (2) *Exceptions.* (i) This limitation on eligibility does not apply if the alien demonstrates by a preponderance of the evidence that exceptionally compelling circumstances exist, including if the alien, or the alien's family member as described in § 208.30(c) with whom the alien is traveling, demonstrates by a preponderance of the evidence that, at the time of entry, the alien or a member of the alien's family as described in § 208.30(c) with whom the alien is traveling:

(A) Faced an acute medical emergency;

(B) Faced an imminent and extreme threat to life or safety, such as an imminent threat of rape, kidnapping, torture, or murder; or

(C) Satisfied the definition of "victim of a severe form of trafficking in persons" provided in § 214.11 of this chapter.

(ii) An alien who demonstrates by a preponderance of the evidence any of the circumstances in paragraph (a)(2)(i) of this section shall necessarily establish exceptionally compelling circumstances.

During the Plaintiff Khachatryan's interview, Plaintiff discussed her medical issues in great detail, including cardio-vascular problems, diabetes, thyroid issues, liver disfunction, and gastro-intestinal problems. (Complaint at ¶ 6 and **Exhibit A** – page 3 of 6) Plaintiff Khachatryan is 63 with a documented history of medical issues. Additionally, Plaintiff Khachatryan stated that she had retained counsel. (Complaint at ¶ 6 and **Exhibit B** – Interview Notes – page 2 of 15) Notwithstanding a sworn statement of being represented by counsel, the AO did not tell the Plaintiff she had the right to have counsel present for the interview, and did not suspend the credible fear interview so that counsel could be present as authorized under 8 C.F.R. §103.2. The AO also did not ask if she wished to continue the interview without her attorney present. Nevertheless, she proceeded with the interview and provided detailed information about her fear of persecution to return to Armenia because of her and her families opinion as whistleblowers on account of being vocal about the death of their cousin, Vahram Avagian. Her cousin was serving in the Armenian military and was shot and killed with gunshots to the chest. (Complaint at ¶ 6) The Armenian government ruled it a suicide but the location of the gunshot wounds to the chest contradicts such a finding. Additionally, the family asserts he was not the type to ever do such a thing. In actuality, he was shot by other members of the military. He was serving with the son of an Armenian official who is believed to be one of the shooters.

When Plaintiff, her husband and the family spoke up and demanded the government investigate, they were met with harassment and death threats. (Complaint at ¶ 7) There were public protests and news articles documents the

government coverup of the murder of their cousin by the son of an Armenian official. (Complaint at ¶ 7) The media was reporting on this daily. Plaintiff, her husband, Plaintiff Martirosyan and their children were actively involved in the protest. The family wanted answers and justice for their cousin but the government was retaliating by sending people to harass and threaten them, including stopping them in the middle of the road. (Complaint at ¶ 7) The family continued to file police reports and demand investigation into the death of their cousin, but the police would threaten them and do nothing. (Complaint at ¶ 7) Thereafter, Plaintiff Martirosyan and his sons received a police summons for their arrest. (Complaint at ¶ 7) In one instance, the police went to his son's home and attempted to detain him. (Complaint at ¶ 7) Son's seven year old daughter went to her father's aid and the police officer swung his arm at her causing her to sustain a black eye and broken arm. (Complaint at ¶ 7 and attached as **Exhibit F** is a picture of her injuries). Ultimately, Plaintiffs sons and grandchildren fled Armenia to go to the U.S. and Plaintiffs followed. The AO did not allow testimony about Plaintiffs children's asylum claim despite arising out of the same circumstances. Despite the above, on September 24, 2024, a negative finding of credible fear was made for Plaintiff KHACHATRYAN and notice was served on the Plaintiffs on October 1, 2024.

On September 25, 2024, Plaintiff Martirosyan had his credible fear interview. (Complaint at ¶ 8) Plaintiff's responses to the AO's questions during the credible fear interview are documented in the I-870 SBIFR Record of Determination/SBIFR Fear Worksheet which is attached as **Exhibit C**. During Plaintiff Martirosyan's interview, Plaintiff discussed his medical issues in great detail, including his ongoing battle with high blood pressure and the fact he suffered a stroke a few years prior. (Complaint at ¶ 8 and **Exhibit – D – Interview Notes – page 4 of 19**) He also testified about his wife's health issues and how that

has effected the both of them. (Complaint at ¶ 8) Nevertheless, a negative finding of credible fear was made for Plaintiff MARTIROSYAN and notice was served October 18, 2024. Both decisions did not find that the Plaintiffs had met the new requirements under SBIFR. Pursuant to the credible fear regulations as contained in 8 C.F.R. §208.30(g), Plaintiffs' were served with form I-863, referral to an Immigration Judge ("IJ"), and had a video interview with the IJ on October 25, 2024. (Complaint at ¶ 8 and **Exhibit E** – I-863 Notice of Referral to Immigration Judge for each Plaintiff) Although Plaintiffs were represented by counsel, Christine Galustian, before the IJ, counsel failed to present all relevant documents in support of Plaintiffs' claims, failed to argue that Plaintiffs had met the exceptions under the SBIFR, to wit, the medical exception, and failed to properly represent them. (Complaint at ¶ 8) Counsel also failed to mention the current pending asylum claim of their children and the assault on their granddaughter as a result of the government persecution and investigation into their cousins murder. Counsel misrepresented her knowledge of immigration law and experience to Plaintiffs. In fact, although it does not appear counsel has a website, counsel's social media and other attorney sites show she is primarily a criminal defense attorney. Thus, counsel's representation was ineffective. The IJ upheld the negative finding on credible fear and rubber stamped the AO's decisions despite the existing evidence in support of the credible fear but also because counsel did not prepare Plaintiffs, file more relevant documents and argue the relevant facts before the IJ. 8 C.F.R. §1208.30 (g)(2) states that "If the immigration judge concurs with the determination of the asylum officer that the alien does not have a credible fear of persecution or torture, the case shall be returned to DHS for removal of the alien. The immigration judge's decision is final and may not be appealed. USCIS may nevertheless reconsider a negative credible fear finding as provided at 8 CFR §208.30(g)(1)(i). Reconsideration is not a requirement when

exhausting administrative remedies.  In the instant matter, the decision by the IJ constitutes a final administrative decision.

Plaintiffs' retained new counsel, Judy Wood, after the IJ hearing and filed a motion to reconsider the AO finding pursuant to  8 CFR §208.30(g)(1)(i). (Complaint at ¶ 9 and **EXHIBIT G**) This motion was timely filed within the seven-day period and is presently awaiting a decision by the Asylum Office.  This motion is full of detail, documenting Plaintiffs medical condition as well as the asylum claim with many articles about the killing of their cousin and the possibility that he was murdered by the son of an Armenian official.  (**Exhibit G – Tab B – Declaration of Khazhak Martirosyan**) Plaintiffs' first lawyer, Christine Gulastian failed to submit these documents and prepare her clients.  Because a motion to reconsider is not an appeal, there is no stay of removal.  Plaintiffs were brought to the airport and put on a plane for removal.  Plaintiff KHACHATRYAN was suffering from severe medical conditions and was removed from the aircraft with her husband and returned to Otay Mesa and later transferred to the Imperial Regional Detention Facility in Calexico, CA. (Complaint at ¶ 9)  To date, no decision has been made on the motion to reconsider, and the Plaintiffs are subject to expedited removal and are still in the custody of DHS. (Complaint at ¶ 9)

Plaintiffs aver in their Complaint that they were denied due process rights under the Fifth and Sixth Amendments of the U.S. Constitution as well as the violations of the APA based on an unconstitutional interview with the Asylum Office and unconstitutional hearing in front of the Immigration Judge which resulted in a decision for their removal.

## 2.   VIOLATION OF DUE PROCESS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION

Plaintiff's due process rights under the Fifth Amendment to the U.S.

Constitution were violated by the ineffective assistance of counsel before the IJ hearing on credible fear. (Complaint at ¶ 23) Counsel's lack of proper performance of her duties to Plaintiffs prejudiced Plaintiffs' defense and deprived them of their right to a fair hearing. (Complaint at ¶ 23) Had it not been for counsel's deficient performance, the result of the credible fear hearing before the IJ would have been different. (Complaint at ¶ 23)

The AO did not tell Plaintiff MARTIROSYAN of his right to counsel as required, before beginning the credible fear interview, thus violating his right to due process under the Fifth Amendment. (Complaint at ¶ 24) The AO did not ask or allow Plaintiff KHACHATRYAN to have counsel present at her credible fear interview, even after she told the AO she was represented by counsel, thus violating her right to counsel under the fifth amendment. (Complaint at ¶ 24)

### 3. VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS TO HAVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION

Plaintiff's due process rights under the Sixth Amendment to the U.S. Constitution were violated by the ineffective assistance of counsel before the IJ hearing on credible fear. (Complaint at ¶ 23) Counsel's lack of proper performance of her duties to Plaintiffs prejudiced Plaintiffs' defense and deprived them of their right to a fair hearing. (Complaint at ¶ 23) Had it not been for counsel's deficient performance, the result of the credible fear hearing before the IJ would have been different. (Complaint at ¶ 23)

Additionally, the AO did not tell Plaintiff MARTIROSYAN of his right to counsel as required, before beginning the credible fear interview, thus violating his right to counsel under the Sixth Amendment. (Complaint at ¶ 26) The AO did not allow Plaintiff KHACHATRYAN to have counsel present at her credible fear

interview, even after she told the AO she was represented by counsel, thus violating her right to counsel under the sixth amendment. (Complaint at ¶ 26)

### 4.    VIOLATION OF THE APA

The publication of the SBIFR violates the APA rule requiring a comment period. (Complaint at ¶ 28)   Furthermore, although the Presidential Decree required the agencies to promptly consider issuing regulations addressing the circumstances at the southern border, including any warranted limitations and conditions on asylum eligibility, it did not mandate denying all asylum claims and it did not mandate reducing rights to making a claim of credible fear. (Complaint at ¶ 28)  The Defendants promulgated interim regulations which were not authorized by the Presidential Decree and do not comport to its intention. (Complaint at ¶ 29)   Thus the SBIFR violates the APA.

The asylum officer and immigration judge's refusal to find credible fear by the Plaintiffs, violates the law on credible fear with regard to the standard applicable under 8 USC 1225(b)(1)(B)(v) (ALSO KNOWN AS 235(b)(1)(B) of the INA) which defines "Credible fear of persecution" as follows: For purposes of this subparagraph, the term "credible fear of persecution" means that there is a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under section 1158 of this title. (Complaint at ¶ 29)  The AO and IJ did not follow this law. Furthermore, the AO and IJ did not properly consider the exceptions under the SBIFR with regard to Plaintiffs' medical condition. (Complaint at ¶ 29)   The evidence was substantial that Plaintiffs had medical conditions in accordance with the exception of the SBIFR. (Complaint at ¶ 29)

Thus, Defendants have violated the APA.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    IMMEDIATE AND IRREPARABLE HARM

Pursuant to Federal Rules of Civil Procedure 65, the standard for granting a temporary restraining order without written or oral notice to the adverse parties' attorney if it clearly appears that immediate and irreparable harm will result to the moving party before the non-moving party can be heard in opposition, and the moving party's attorney certifies to the court the efforts made to give notice and that actual notice was given.

Immediate and irreparable harm to Plaintiff, the moving party, will occur if this Honorable Court does not grant its application for a Temporary Restraining Order. Plaintiff is in immediate danger of being removed out of the United States. ICE already put them on a plane in an attempt to deport them, however, the plane had to return because Plaintiff Khachatryan became severely ill as a result of her ongoing medical problems which have been ignored. Therefore, Plaintiffs can be removed at any moment should their health be determined to be well enough to travel. Plaintiffs order for removal is unconstitutional under the Fifth and Sixth Amendments of the U.S. Constitution, and it is necessary for this Court to have the opportunity to hold a hearing on Plaintiffs' claims prior to them being removed.

Additionally, although the Presidential Decree required the agencies to promptly consider issuing regulations addressing the circumstances at the southern border, including any warranted limitations and conditions on asylum eligibility, it did not mandate denying all asylum claims and it did not mandate reducing rights to making a claim of credible fear. The Defendants promulgated interim

regulations which were not authorized by the Presidential Decree and do not comport to its intention, and therefore, violate the APA.

### B.    LIKELIHOOD OF PROBABLE SUCCESS ON THE MERITS.

Based upon Plaintiffs' factual allegations set forth above, in the Complaint, it is highly likely that Plaintiff will prevail on the merits of his claims in the Complaint that the denial of their right to counsel at the credible fear interview as well as the ineffective assistance of counsel in front of the Immigration Judge was unconstitutional. Additionally, the new executive order for credible fear is in violation of the APA and that Plaintiffs will obtain a declaratory judgment finding that it is contrary to law, reversing the removal order, and ordering Defendants EOIR and DHS to terminate the deportation removal on account that the proceedings were concluded based upon violations of the fifth amendments due process rights and the sixth amendment right to counsel as well as violations of the APA.

### C.    Equities Weigh in Favor of Granting the TRO

Balancing of the equities is an important factor in assessing whether to grant a TRO. "In evaluating the procedures in any case, the courts must consider the interest at stake for the individual, the risk of an erroneous deprivation of the interest through the procedures used as well as the probable value of additional or different procedural safeguards, and the interest of the government in using the current procedures rather than additional or different procedures. (*Id.* at 34, citing *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976).

"[R]esolution of the issue whether the administrative procedures provided [...] are constitutionally sufficient requires analysis of the governmental and private interests that are affected." (citations omitted, *Mathews v. Eldridge* (1976) 424 U.S. 319, 334-335.)

"[…] identification of the specific dictates of due process generally requires consideration of three distinct factors:  First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. (citations omitted) *Id.*

Here, Plaintiffs' private interest of being found to have a credible fear and being granted asylee status will be severely and irreparably impacted if they are removed from the United States.  There is a serious risk of erroneous deprivation of that interest if Plaintiffs' constitutional claims are not adjudicated and they were removed from the United States.  There is a high probable value of an additional procedural safeguard if this Honorable Court were to make a determination on the merits of Plaintiffs' constitutional challenges before they are removed from the U.S.

Finally, Plaintiff's "[…] interest here is, without question, a weighty one. []he stands to lose the right 'to stay and live and work in this land of freedom,' (citation omitted)  Further, []he may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual." (citations omitted) (*Landon v. Plasencia* (1982) 459 U.S. 21, 34-35.)  With a pending asylum, Plaintiffs are entitled to work authorization while they wait for their claim to be adjudicated.  Additionally, two of their children have pending asylum claims regarding the same claims and are out of custody waiting for their hearing.

Plaintiff acknowledges that the Government has an interest in efficient "administration of the immigration laws at the border also is weighty." *Id.* "The role of the judiciary is limited to determining whether the procedures meet the essential standard of fairness under the Due Process Clause and does not extend to imposing procedures that merely displace congressional choices of policy." *Id.*

Here, Plaintiffs aver that the essential standard of fairness in this case is having the merits of their constitutional challenges heard before they are removed from the U.S. That would require the issuance of the TRO and a preliminary injunction.

**D.    NO HARM TO RESPONDENTS/DEFENDANTS:**

On the other hand, no harm to the Defendants will result if a TRO is issued precluding them from removing plaintiffs and holding such hearing in abeyance.

This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201, *et seq.*, 28 U.S.C. § 1331, 28 USC § 2241 and 28 USC § 2254. This action is timely under 28 U.S.C. § 2401. Venue is proper under 28 U.S.C. §1391(a) in that Plaintiff resides in this district.

**E.    PLAINTIFFS REQUEST A STAY OF REMOVAL AND RELEASE FROM CUSTODY**

Plaintiffs request a stay of removal on the above articulated grounds in order to have a new credible fear interview since their first interview was in violation of the fifth and sixth amendments as well as a violation of the APA.

Plaintiffs also request to be released from custody pending a final adjudication of their asylum claim on the basis of the above articulated grounds as well as a result of their serious medical conditions. Additionally, if granted a new credible fear interview, they will no longer be in danger of being imminently removed, especially if there is a finding of credible fear, and should be released pending a final hearing in front of an immigration judge. Plaintiffs have been in custody since September 18, 2024 and totaling approximately 120 days. Plaintiffs have incurred over 90 days in custody since their negative credible fear finding and order for removal on October 1, 2024 and October 18, 2024 respectively. In the matter of Zadvydas v. Davis 533 U.S. 678 (2001), the Supreme Court held that the government cannot detain a removable alien indefinitely beyond the 90-day

-17-

removal period and must be released if there is no reasonable likelihood of removal. This prevents indefinite detention which could be a violation of one's constitutional rights. In the case of plaintiffs, they have been in custody over 90 days and if a new credible fear interview is granted there is a strong likelihood that a positive credible fear finding will be made allowing them to be eligible for release. Additionally, plaintiffs have no criminal record, they are not a danger to the community, are not a risk to flee as they are seeking asylum from Armenia (their only country of citizenship), have children and family currently residing in the U.S. and are represented by counsel insuring they will attend future court appearances.

## PRAYER FOR RELIEF

Petitioners respectfully requests this court:

a) To grant Petitioner's Motion for Temporary Restraining Order and Stay the Removal of Plaintiffs.

b) To enjoin Respondents Defendant DAVID L. NEAL, Director, Executive Office for Immigration Review and Defendants U.S. Department of Homeland Security, Immigration and Customs Enforcement, Management and Training Corporation, Christopher J. LaRose, Senior Warden of Otay Mesa and the Imperial Regional Detention Facility from proceeding with the removal of Plaintiffs without an opportunity to have a new credible fear interview with at least two weeks notice to have counsel present.

c) To release Plaintiffs from custody pending an adjudication of their asylum claim.

d) To enter judgment in favor of Petitioner against Respondents and order Respondents to pay to Petitioner all attorney fees and costs incurred herein.

e) To grant all other relief as law and justice may require and may be appropriate.

Dated: January 17, 2024                    Respectfully Submitted,

LAW OFFICES OF AVAZIAN & AVAZIAN

By: _____

ARMAND AVAZIAN
Attorney for Plaintiffs